IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | NO. 3-03-CR-0188-N(23) |
| VS. | § | NO. 3-12-CV-1776-N-BD |
| | § | |
| GARY THOMAS | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Defendant Gary Thomas, a federal prisoner, has filed a motion to correct, vacate, or set aside his sentence pursuant to 28 U.S.C. § 2255. For the reasons stated herein, the motion should be transferred to the United States Court of Appeals for the Fifth Circuit for appropriate action.

I.

In 2004, defendant was convicted of conspiracy to possess with intent to distribute more than five kilograms of cocaine in violation of 18 U.S.C. § 846. Punishment was assessed at life imprisonment followed by a 10-year term of supervised release. His conviction and sentence were affirmed on direct appeal. *United States v. Combs*, 191 Fed.Appx. 319, 2006 WL 2051309 (5th Cir. Jul. 24, 2006), *cert. denied*, 127 S.Ct. 992 (2007). Defendant also filed a motion to correct, vacate, or set aside his sentence under 28 U.S.C. § 2255. That motion was denied. *United States v. Thomas*, No. 3-08-CV-0031-N, 2009 WL 3248061 (N.D. Tex. Jun. 18, 2009), *rec. adopted*, 2009 WL 3199223 (N.D. Tex. Oct. 5, 2009), *COA denied*, No. 09-11197 (5th Cir. Jul. 21, 2010). Defendant now seeks post-conviction relief on the ground that his sentence is unconstitutional under *DePierre v. United States*, ___ U.S. ___, 131 S.Ct. 2225, 180 L.Ed.2d 114 (2011), which he contends applies

retroactively to cases on collateral review. Before the court may consider this claim, it must determine whether defendant can bring a successive section 2255 action without prior approval from the court of appeals.

II.

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a federal prisoner may file a second or successive motion for post-conviction relief. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub.L. 104-132, 110 Stat. 1214 (1996). In order to file a second or successive section 2255 motion, a defendant must show that the motion is based on:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [him] guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). That determination must be made by a three-judge panel of the court of appeals before defendant files his motion in district court. *Id.* §§ 2255(h) & 2244(b)(3).

The Fifth Circuit has not issued an order authorizing the district court to consider this successive section 2255 motion. Defendant must obtain such an order before another motion for post-conviction relief is filed.

**RECOMMENDATION**

Defendant's motion to correct, vacate, or set aside sentence should be transferred to the United States Court of Appeals for the Fifth Circuit for appropriate action. *See Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002); *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 8, 2012.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE